The opinion of the court was delivered by
G-ibsoN, J.
The points are miserably stated in this bill of exceptions; but the case appears to be this: At some stage of the cause, the plaintiff offered in evidence, a receipt for grain delivered as the share of the defendant, which was signed “ Moore & Irvine,” one of whom {Moore) was alleged to have been the agent of the defendant; to prove which, a wilfiess was called, who testified he had done business with Moore as the agent of the defendant, one or two years after the date of the receipt; and that the defendant, about the same time, had told him that Moore was his agent, and did business for him. On this, the court admitted the receipt, instructing the jury at the same time, to take it into consideration in forming their verdict, if they believed the evidence of the witness: but if they disbelieved him entirely, to reject it. It is plain, this direction was wrong. The competency of the receipt depended on something beyond the mere credibility of the witness, whose evidence, if frue, by no means conclusively proved the existence of the agency at the time material to the question. It proved an admission by the defendant, that it existed a year or two after-wards; but it did not necessarily follow, that it existed at the date of the receipt. The admission, however, was a circumstance to be left to the jury, with a direction to regard the receipt as competent evidence, or otherwise, as they should be satisfied or hot, of the existence of the agency when the receipt was signed.
The remaining exception is still more decisively fatal. A witness was called to prove the particulars of a conversation between the plaintiff and the alleged agent, in regard to buildings erected on the farm of a third person, which the plaintiff had occupied; and the declarations of the agent were admitted, to charge his supposed principal, under the same direction in respect of the credibility of the witness in proving the agency, which was given to the jury on the preceding point. This direction, besides being obnoxious to the remarks which have already been made, was erroneous, in not requiring the jury to be satisfied, that the declarations were made in the course of the business of the agency; and, that they were so made, does not appear by the bill of exceptions, hut rather the contrary. The conversation was, it seems, not about *37 the business or concerns of the defendant, but of a third person; and before he could be charged by the declarations of his agent in this particular, it should have appeared that he had undertaken to manage the affairs of such third person, and had confided them, along with his own, to the. agent; or had, in some shape or other, given the latter authority to render him personally liable, in the particular matter with which the plaintiff sought to charge him; nothing of which appears in the bill of exceptions, and we are therefore bound to reverse the judgment on both points.
Judgment reversed, and a venire facias de novo awarded.